IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 1:15-00252-KD-B-1 |
| ) | |
| DRAESHUND KENAITAY MAGEE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant Draeshund Kenaitay Magee's *pro se*[1] Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 79); the Government's Response (Doc. 82); and Defendant's Reply (Doc. 83).

**I.   Background**

In 2015, Defendant Draeshund Kenaitay Magee (Magee) pled guilty to conspiracy to possess cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) (Count One). (Doc. 40 (plea agreement)). He was sentenced to a total term of 107 months in the custody of the Bureau of Prisons. (Doc. 70 at 2).[2]

On March 9, 2020,[3] Magee moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 79). Magee claims his counsel was ineffective: 1) "by failing to

---

[1] Magee is a federal prisoner proceeding *pro se*. "[C]ourts should construe a habeas petition filed pro se more liberally...." See, e.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

[2] This term reflects not a departure from the 120-month mandatory minimum, but rather an adjustment for time served as of March 9, 2015 on Magee's state sentence. (Doc. 70 at 2; Doc. 77 at 5). Moreover, Magee's term in the custody of the Bureau of Prisons was said to run concurrently with the State of Mississippi revocation case. (Doc. 70 at 2).

[3] Although Magee's pro se Section 2255 motion was filed in the District Court for the Southern District of Alabama March 30, 2020, under the "mailbox rule" it is deemed filed on the date that he delivered it to the

adequate[ly] consult with petitioner regarding his appellate rights at sentencing…and whether petitioner was properly well informed about advantage and disadvantage of his appeals rights issues"; 2) "for failing to correct[] the district court's erroneous impression regarding Federal Rules of Criminal Procedure, Rule 32(j)(1)(B) and (C) when the district court failed to advise the petitioner an accurate summary of Mr. Magee's appellate rights during the sentencing hearing per practice and counsel allow[ed] this error to go uncorrect[ed]"; 3) "for failing to challenge the district court's failure to comply with the procedural requirements of 21 U.S.C. § 851"; and 4) for "failing to challenge, object[], preserve the government's practice regarding the United States Attorney's Manual…" (Doc. 79-4 at 6, 11, 14, 22).

The Government responds that the Court should dismiss Magee's motion as untimely or "[i]n the alternative, this Court could deny Magee's motion as meritless." (Doc. 82 at 8-9).

## II.     Legal Standard

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges in four circumstances: (1) the imposed sentence violated the Constitution or the laws of the United States; (2) the court exceeded its jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. See also McKay v. United States, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack." Eddie Lee Battles v. United States, 2020 WL 5407682, *3 (M.D. Fla. Sept. 9, 2020) (citing United States v. Addonizio, 442 U.S. 178, 184-86 (1979)). If a court determines it

---

prison authorities for mailing—presumably March 9, 2020. See e.g., (Doc. 79 at 12). Jones v. U.S., 304 F.3d 1035, 1038 n. 7 (11th Cir. 2002).

imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The movant, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

### III. Discussion

Pursuant to subsection 2255(f), the time for filing a motion to vacate, set aside, or correct a sentence is restricted to one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Unless the issue of timeliness is waived by the Government, this Court must assess whether Petitioner has satisfied the statute of limitations of subsections 2255(f).

Here, the judgment of conviction became final on May 6, 2016. (Doc. 70).[4] Thus, under subsection 2255(f)(1), Magee had until May 6, 2017 to seek collateral relief from his conviction

---

[4] "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). "As relevant, a criminal defendant has 14 days to file a notice of appeal after either the entry of the judgment or order being appeal[ed]." Ventura v. United States, 2020 WL 5230943, *1 (11th Cir. 2020) (citing Fed. R. App. P. 4(b)(1)(A)). "A judgment…is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed. R. App. P. 26(a)(1). Magee did not directly appeal his conviction. Magee also filed a notice of non-appeal on April 15, 2016. (Doc. 67). At

and sentence. Under the "mailbox rule," Magee did not file his 2255 Motion until March 9, 2020, close to three years passed the one-year deadline.[5] Accordingly, his Section 2255 Motion is untimely under Section 2255(f)(1).

As to the remaining subsections of Section 2255(f), the Government responds that "Magee does not write anything in his motion to suggest that the United States created an impediment to making a motion." (Doc. 82 at 10). Thus, Magee's motion is not timely under subsection 2255(f)(2). Third, per the Government, Magee "does not rely on a newly-recognized right that has been made retroactively applicable to cases on collateral review." (Id.). Moreover, the Government avers that an argument that the Supreme Court's recent decision in Garza v. Idaho, 139 S.Ct. 738 (2019) marks the beginning of the applicable limitations period would fail. (Id.). This argument is unavailing because Garza did not announce a newly-recognized right and Magee did not bring his current motion within one year of that decision. (Doc. 82 at 10). So, the Government asserts Magee's motion is not timely under subsection 2255(f)(3) either.

To the extent Magee asserts, pursuant to 2255(f)(4), the statute of limitations should run from the point he received the transcripts, the Government contends this argument would also fail. (Doc. 82 at 11). Per the Government, "[t]he statute of limitations for a § 2255 motion runs from the date on which Magee 'could have' discovered the evidence he relies upon in his motion, not the date on which he actually discovered that evidence." (Id. (citing 28 U.S.C. § 2255(f)(4); Aron

---

the latest, Magee's conviction became final 14-days after April 22, 2016 (when judgment was entered)—May 6, 2016.

[5] Although Magee's pro se Section 2255 motion was filed in the District Court for the Southern District of Alabama March 30, 2020, under the "mailbox rule" it is deemed filed on the date that he delivered it to the prison authorities for mailing—presumably March 9, 2020. See e.g., (Doc. 79 at 12). Jones v. U.S., 304 F.3d 1035, 1038 n. 7 (11th Cir. 2002). However, this distinction is inconsequential to the timeliness of Magee's Section 2255 motion in this case because the one-year limitation period expired on May 6, 2017.

4

v. United States, 291 F.3d 708, 711 (11th Cir. 2002)). Thus, Magee's motion is not timely under subsection 2255(f)(4). The Court **ADOPTS**[6] the reasons set forth in the Government's Response on the issue of timeliness **and finds that the petition is untimely**. Accordingly, the Court finds Magee's Section 2255 Motion is **DISMISSED**.

## IV.     Certificate of Appealability

Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings requires this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from… the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). And see United States v. Taylor, 2019 WL 1319277, *1 (N.D. Fla. March 22, 2019) ("A defendant may appeal the denial of a § motion only if the district court or court of appeals issues a certificate of appealability."). Pursuant to 28 U.S.C. 2253(c)(2) "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of the an underlying constitutional claim, the movant must show that reasonable jurists would debate (1) whether the motion states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in

---

[6] A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. See United States v. Valencia–Trujillo, 462 F. App'x 894, 897 (11th Cir. 2012) (quoting Danley v. Allen, 480 F.3d 1090, 1090, 1091 (11th Cir. 2007)) ("District court orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review…That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling.") (internal quotations omitted). The Court finds the Government's Response (Doc. 82) sufficient in that regard.

its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is a one-year statute of limitations for filing a § 2255 motion to vacate. 28 U.S.C. § 2255(f).

As relevant here, the one-year period of limitations begins to run on the date that the judgment becomes final. Id. § 2255(f)(1). "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000)). A criminal defendant has 14 days to file a notice of appeal after the later of either the entry of the judgment or order being appeal. Fed. R. App. P. 4(b)(1)(A).

Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing Magee's motion to vacate; nor could a reasonable jurist conclude that Magee should be allowed to proceed further which respect to his claims. Slack, 529 U.S. 473, 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Patton should be allowed to proceed further."). Accordingly, Magee is not entitled to a certificate of appealability.

**V.**     ***In Forma Pauperis***

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3). A district court's finding:

> that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit.

Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). And see Ghee v. Retailers Nat'l Bank, 271 Fed.Appx. 858, 859-60 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962) (finding that a "party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard," and noting that a non-frivolous claim is one "capable of being convincingly argued," so that "where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed") (internal quotations omitted)); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'), *aff'd*, 193 F.3d 522 (11th Cir, 1999)).

"An appeal is not taken in good faith if it is plainly frivolous." Johnson v. Thomas, 2005 WL 3005545, *1 (S.D. Ala. November 8, 2005); Busch v. County of Volusia, 189 F.R.D. 687, 692 (M.D. Fla. Dec. 16, 1999) ("The Petitioner demonstrates good faith when she seeks appellate review of any issue that is not frivolous."). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). But see, e.g., United States v. McCray, Nos. 4:07cr20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal[]").

In consideration of the issues addressed herein, the Court finds and certifies that any appeal by Magee in this action would be without merit and therefore not taken in good faith. Accordingly, Magee is not entitled to appeal *in forma pauperis*.

## VI. Conclusion

For the reasons stated herein, Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 79) is **DISMISSED**; Magee is not entitled to the issuance of a certificate of appealability, and is not entitled to proceed *in forma pauperis*.

**DONE** and **ORDERED** this the **18th day** of **November 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**