# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) Criminal Action No. 15-00252-KD-B |
| | ) |
| **DRAESHUND K. MAGEE,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on Defendant's "Judicial Notice of Adjudicative Fact(s) pursuant to Fed. Crim. Rules P. 201(d)" (doc. 97).[1] The Court construes the Notice as a Motion to Dismiss the Indictment for lack of "territorial jurisdiction". Accordingly, upon consideration and for the reasons set forth herein, the Motion is DENIED.

Improperly relying upon Fed. R. Civ. P. 12(h)(3), Magee argues that whenever it appears that the Court lacks subject matter jurisdiction, an action must be dismissed. As to lack of jurisdiction, Magee asks the Court to take judicial notice of the "fact" that this Court lacks "federal territorial jurisdiction" over his criminal prosecution. Specifically, Magee asserts that his "indictment itself alleges facts over which this court and the Federal Government has no 'territorial jurisdiction' constituting 'self-evident proof' that the indictment is not warranted in law, being facially invalid, 'self-declaring' that the defendant's alleged actions were done 'outside' the 'territorial jurisdiction' of the United States, rendering defendants' conviction(s) 'void – for want of federal territorial jurisdiction'" (doc. 97, p. 18). Magee also alleges that he

---

[1] "(d) Timing. The court may take judicial notice at any stage of the proceeding." See also Fed. R. Evid. 201(b) ("Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

"was indicted for violating 21 U.S.C. Section(s) 846, 841(B)(1)(B) 'in the State and District of Alabama' which is at least 'vague', being devoid of a 'specific location' and, furthermore, clearly insufficient as said 'location' has not been ceded to blanket 'territorial jurisdiction' of the United States, under the constitutionally mandated requirement of Article I, Section 8, clause 14; Tenth Amendment; Title 40 U.S.C. § 3112." (Id., p. 25).

Overall, Magee argues that the offenses alleged in the indictment – conspiracy to possess with intent to distribute cocaine in the Southern District of Alabama and possession with intent to distribute cocaine in the Southern District of Alabama - occurred outside the "territorial jurisdiction of the United States" (Id.) Therefore, he asserts that the Court lacks "territorial jurisdiction", the indictment is "void" and should be dismissed, and he is "entitled to immediate release" (Id., p. 26-27).   In support, Magee quotes and cites numerous statutes, constitutional amendments, and cases interpreting various aspects of the "Fundamental Law of Indictments" and "territorial jurisdiction," including the prosecution's obligation to establish a federal offense and to establish federal "territorial" jurisdiction, the Court's obligation to inquire into its jurisdiction including "territorial jurisdiction", the Constitutional provisions and Congressional acts which grant jurisdiction to the federal government, and the division of jurisdiction between the states and the federal government (doc. 97).

The Court of Appeals for the Eleventh Circuit has explained that " '[a] motion that the court lacks jurisdiction may be made at any time *while the case is pending*.'" United States v. Zamor, 810 Fed. Appx. 844 (11th Cir. 2020) (citing Fed. R. Crim. P. 12(b)(2)) (emphasis added). Magee pled guilty to Count One of the Indictment charging conspiracy to distribute cocaine. He was sentenced to imprisonment for a term of 107 months (doc. 70). The judgment was entered

2

April 22, 2016.² Magee had 14 days to file a notice of appeal after entry of the judgment. Ventura v. United States, 2020 WL 5230943, *1 (11th Cir. 2020) (citing Fed. R. App. P. 4(b)(1)(A)). However, Magee filed a Notice of Non-Appeal (doc. 67). Since Magee did not file a notice of appeal, his conviction became final May 6, 2016. "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Magee's criminal action is no longer pending in this Court. Therefore, the motion to dismiss the Indictment must be denied because the Court does not have jurisdiction to consider the motion. United States v. Zamor, 810 Fed. Appx. at 845 ("Zamor's criminal case was no longer pending within the meaning of Rule 12, as the judgment in his case had been entered; therefore, the district court lacked subject-matter jurisdiction to consider his motion.") (citation omitted); United States v. Elso, 571 F. 3d 1163 (11th Cir. 2009) (affirming the district court's decision to deny a Rule 12(b)(3)(B) motion upon finding that the district court lacked authority to hear the motion because the action was no longer pending).

Even if the Court had jurisdiction, the motion would still be denied. The "United States federal district courts have original and exclusive jurisdiction over 'all offenses against the laws of the United States.' 18 U.S.C. § 3231. If an indictment alleges conduct constituting a federal offense, the district courts have jurisdiction." United States v. Turner, 577 Fed. Appx. 915, 916 (11th Cir. 2014) (citing United States v. McIntosh, 704 F.3d 894, 902–03 (11th Cir.2013)); see also U.S. Const., art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity,

---

² For appeal, a "judgment…is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6).

3

arising under this Constitution [and] the Laws of the United States...."). Here, the indictment alleges that Magee conspired to distribute cocaine contrary to 21 U.S.C. § 841(a) and in violation of 21 U.S.C. § 846, and possessed with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), which are laws of the United States. See United States v. Lopez, 459 F.2d 949, 952-53 (5th Cir. 1972)[3] (affirming the defendants' federal convictions under 21 U.S.C. §§ 841(a)(1) and 846 and holding that these statutes are constitutional uses of congressional authority under the Commerce Clause); United States v. Maxwell, 2017 WL 6055787, *1 (M.D. Ga. Apr. 21, 2017) ("Territorial jurisdiction generally coexists between the United States and the states; instead, the charged offense usually determines whether jurisdiction properly lies with the United States or with the state. . . . The indictment charges Jackson with three counts of violating United States statutes. … The indictment therefore charges Jackson with offenses against the laws of the United States.") (citing 18 U.S.C. § 3231 ("The District Courts of the United States shall have original jurisdiction ... of *all offenses against the laws of the United States*.") (emphasis added) and U.S. Const., art. III, § 2.

The indictment also alleged that the offenses occurred in the Southern District of Alabama, which is within the territorial jurisdiction of the United States. See Kozak v. United States, 2018 WL 4334058, at *2 (11th Cir. June 6, 2018) ("Since each count sufficiently alleged a violation of the laws of the United States, this Court has jurisdiction. The district court properly rejected Kozak's claim that the government did not establish territorial jurisdiction, as both counts in the indictment alleged territorial jurisdiction within the United States. Specifically,

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981 are binding precedent on the United States Court of Appeals for the Eleventh Circuit. Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

both counts alleged that the criminal conduct took place 'in the Middle District of Florida,' which is within the territorial jurisdiction of the United States.").

Additionally, to the extent that Magee's motion could be construed as a motion to vacate pursuant to 28 U.S.C. § 2255,[4] the Court lacks jurisdiction to consider the motion. Magee previously filed a motion to vacate which was denied (docs. 79, 84, 85).[5] To file a second or successive § 2255 motion, Magee must first file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Since Magee did not obtain authorization, this Court lacks jurisdiction to consider a second or successive § 2255 motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); United States v. Smith, 419 Fed. Appx. 954 (11th Cir. 2011).

DONE and ORDERED this the 13th day of September 2021.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The statute provides that a federal prisoner may challenge his conviction "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a).

[5] Magee's appealed is pending before the Eleventh Circuit (doc. 94).