IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **Criminal Action No. 15-00252-KD-B** |
| ) | |
| **DRAESHUND K. MAGEE,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on Defendant Draeshund K. Magee's motion for compassionate release and supplement, which the Court construes as a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)[1] (doc. 93).[2] Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I.    Background

Magee pled guilty to Count One of the Indictment charging the offense of conspiracy to distribute cocaine (doc. 70). Magee's total offense level was 21 and his criminal history category was IV. His advisory sentencing guidelines range was 57 to 71 months. However, the statutory minimum sentence was 120 months. In April 2016, Magee was sentenced to serve 107 months in prison as an adjustment for time served in custody prior to sentencing.

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[2] Magee filed a "request to add and/or amend his previously filed compassionate release request with an additional extraordinary and compelling reason" (doc. 96). Magee's request is DENIED. The grounds alleged - release on the basis that his sentence was imposed in violation of the Tenth Amendment, the Eighth Amendment, and the Due Process Clause - do not fall within the purview of 18 U.S.C. §3582(c)(1)(A)(i). See United States v. Bryant, 996 F. 3d 1243 (2021) (finding that a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i) must be consistent with the Policy Statement found at U.S.S.G. § 1B1.13).

Magee is now 43 years old. His release date is January 24, 2023. He has served approximately six years of his sentence. He is incarcerated at FCI Bastrop in Bastrop, Louisiana. At present, no inmates are positive for Covid-19, but one inmate has died. Five staff members are positive. Three-hundred and fifty-seven inmates and forty-three staff members have recovered from Covid-19. https://www.bop.gov/coronavirus/ (last visited September 7, 2021).

    II.       Motion for Reduction of Sentence and/or Compassionate Release

    A.       Statutory prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Magee states that he "made a request to the Warden of Bastrop Low on 4-27-2021 by way of inmate request and letter personally sent" (doc. 93, p. 1). Magee signed his motion on April 28, 2021 (doc. 93). Thus, 30 days had not lapsed when Magee filed his motion with the Court.[3] However, more than 30 days have now passed since Magee's request was received by the

---

[3] See Burke v. United States, 762 Fed. Appx. 808, 809–10 (11th Cir. 2019) ("Under the prison mailbox rule, an inmate's pro se § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. Absent evidence to the contrary, we presume that a movant delivered his motion to prison authorities on the date he signed it. The government bears the burden of proving that the motion was delivered to prison authorities on a different date.") (citing Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014)).

Warden. In this procedural posture, the Court finds no reason to dismiss the motion without prejudice. See United States v. Skaff, 2020 WL 3490074, at *1 (S.D.W. Va. June 25, 2020) ("Although Mr. Skaff petitioned the court on June 4, 2020, before 30 days had passed since the Warden's receipt, I find it would be a waste of judicial resources to have Mr. Skaff refile the motion now that 30 days have elapsed since the Warden's receipt of the compassionate release request."); United States v. Blake, No. 15-CR-80018, 2020 WL 4677309, at *4 (S.D. Fla. Aug. 12, 2020) (same).

    B.    Analysis

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020).

In relevant part,[4] 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites, see supra, ¶ A, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A).  Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  The applicable Policy Statement is found at U.S.S.G. § 1B1.13. United States v. Bryant, 996 F. 3d 1243 (11th Cir. 2021).

With respect to extraordinary and compelling reasons, Magee, relying upon the "list of high-risk individuals" from the Centers for Disease Control and Prevention, argues that he has "high blood pressure, is a former/current smoker, and BMI over 25 and 31" which place him at high risk of death or serious complications should he contract Covid 19 (doc. 93).  Magee also argues that the presence of Covid 19 in the prison system required the Bureau of Prisons to modify operations and cease programs, vocational training, treatment, and employment. As a result, his punishment is no longer just punishment, as anticipated at sentencing, but instead violates the Eighth Amendment and the Due Process Clause. Magee also provides a release plan whereby he plans to live with his mother and work for a remodeling company (doc. 93).

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  Only one example could possibly be relevant.[5]  Specifically, Application Note 1(A)(ii)(I), which provides that an extraordinary and compelling reason exists if the defendant is

---

[4] Since Magee is 43 years old, only subparagraph (i) could apply.   Subparagraph (ii) provides for a reduction of sentence when "the defendant is at least 70 years of age, has served at least 30 years in prison" and other factors are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

[5]  Magee does not allege that he has a terminal illness, a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, such that his ability to provide self-care in prison is substantially diminished.

> (I) suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

Based upon guidance from the Centers for Disease Control and Prevention, Magee's smoking and BMI which indicates he is overweight or obese, may allow him to fall within the criteria of Application Note 1(A)(ii)(I). https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 7, 2021).

However, even if Magee met his burden to show extraordinary and compelling reasons which warrant a sentence reduction under Application Note 1(A)(ii)(I), the Court must still weigh the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) (the court . . . may reduce the term of imprisonment . . . **after** considering the [applicable] factors set forth in 18 U.S.C. § 3553(a).") (emphasis added).  "The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with

---

U.S.S.G. § 1B1.13, cmt. n. 1(A)(i), (ii)(II) & (III).  He does not allege that his family circumstances meet the criteria in Application Note 1(C), or that he meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(B) & (C). Application Note 1(D) provides that extraordinary and compelling reasons "other than" or in combination with the reasons in Application Notes 1(A)-(C), may exist. U.S.S.G. § 1B1.13, cmt. n.1(D). The Court of Appeals for the Eleventh Circuit recently clarified that these reasons "other than" or "in combination with" are limited to those reasons as determined by the Director. <u>United States v. Bryant</u>, 996 F. 3d at 1247-1248.  In that regard, the Bureau of Prisons Program Statement 5050.50, which applies to reductions of sentence under § 3582(c)(1)(A), in relevant part, provides for consideration of a reduction of sentence where the inmate has a medical condition from which they will not recover, and that renders the inmate "completely disabled … or capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." The information before the Court indicates that Magee does not fall within these parameters.

educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims." United States v. Granda, 852 Fed. Appx. 442, 445 n.1 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

The Court has considered the relevant factors, [6] and finds that the nature and circumstances of the offense and Magee's history and characteristics, do not weigh in favor of a reduction in sentence. Specifically, Magee was subject to a statutory minimum mandatory sentence because he committed the instant offense after he had been convicted of possession of a controlled substance with intent to distribute in Mississippi (doc. 30).  In this circumstance, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C).  Accordingly, Magee's motion for compassionate release is due to be denied

DONE this the 14th day of September 2021.

                                                                         **s / Kristi K. DuBose**
                                                                         **KRISTI K. DuBOSE**
                                                                         **CHIEF UNITED STATES DISTRICT JUDGE**

---

[6] "Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. … Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient." United States v. Granda, 852 Fed. Appx. at 446 (citations omitted).